UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

O.M.G., *et al.*

    Plaintiffs,

    v.

CHAD WOLF, *et al.*

    Defendants.

Civil Action No. 20-cv-786 (UNA)

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

The plaintiffs in this action, members of 37 families currently detained in "three family residential centers" ("FRCs") in Texas and Pennsylvania, Pls.' Mot. for Leave to File Under Pseudonyms ("Pls.' Mot.") ¶ 1, ECF No. 2, have moved to proceed under pseudonym in their instant action seeking "the immediate release" of "all detainees in the FRCs" in light of the current public health emergency until the defendants have designed and implemented "protocols . . . to prevent the transmission of COVID-19" within those facilities. Pet. at 41–42, ECF No. 1. For the reasons set forth below, the motion, which was submitted to the Clerk's Office on Saturday, March 21, 2020 and provided for resolution to the undersigned today, is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint." LCvR 40.7(f).


days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously.  The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019).  When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis."  *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

All five factors weigh in favor of allowing the plaintiffs, over 100 detained asylum applicants, to proceed under their initials in this case.  Plaintiffs do not attempt to secure anonymity merely to "avoid . . . annoyance [or] criticism," *id.* at 97, but out of a fear that "[p]ublic disclosure" of their identities "may subject the claimant[s] to retaliatory measures by government authorities or non-state actors" in their home countries, Pls.' Mot. ¶ 9.  Moreover, while Federal Rule of Civil Procedure 5.2(a) permits the 61 minor plaintiffs in this case to proceed under their initials, granting anonymity to their mothers and fathers—who are the remaining 44 plaintiffs in this action—will aid in protecting the identities of their minor children.  See *J.W. v. Dist. Of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) (noting that

when a parent files on behalf of a child who wishes to stay anonymous, their "privacy interests are intractably intertwined").

Allowing the plaintiffs to proceed under their initials will have no impact on any private rights, as the only defendants are government agencies and officers. Nor will allowing the plaintiffs to proceed under their initials prejudice the defendants in any way. The plaintiffs' identities are already known to the defendants in connection with their asylum applications. Moreover, the plaintiffs are "willing to disclose their full names and Alien numbers under seal." Pls.' Mot. ¶ 7. A pseudonymous filing thus will not compromise the defendants' ability to defend this action and poses little "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Indeed, defendants understand the need to maintain the anonymity of asylum applicants and have therefore prohibited the disclosure of their identities during the processing of asylum applications. *See* 8 C.F.R. 208.6. Finally, any public interest in disclosing the identity of the plaintiff is significantly outweighed by the threat of retaliation that public disclosure of the plaintiffs' identities might entail.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs' significant interest in maintaining their anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File Under Pseudonyms is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the plaintiffs' initials; and it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiffs' identities or any personal identifying information that could lead to the identification of the plaintiffs by nonparties, except for the purposes of investigating the allegations contained in the Petition and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: March 23, 2020

_____
BERYL A. HOWELL
Chief Judge